UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: PROCTER & GAMBLE COMPANY
"PROTECT, GROW AND RESTORE" MARKETING
AND SALES PRACTICES LITIGATION                              MDL No. 3157


TRANSFER ORDER


**Before the Panel:**[*]  Plaintiffs in the Western District of Washington *Lowry* action listed on Schedule A move under 28 U.S.C. § 1407 to centralize this litigation in the Western District of Washington or the District of Massachusetts.  This litigation consists of seven actions pending in six districts, as listed on Schedule A.

Plaintiff in the Southern District of New York *Maggio* action listed on Schedule A supports centralization in the Western District of Washington or the District of Massachusetts.  Defendant The Procter & Gamble Company (P&G) supports centralization in the Southern District of Ohio or the Southern District of New York.  Rainforest Alliance, Inc., defendant in the Southern District of New York *Maggio* action, asks the Panel to exclude the *Maggio* action from any MDL. Alternatively, Rainforest Alliance requests centralization in the Southern District of New York. As another alternative, it requests that the Panel stay its transfer of the *Maggio* action until after the transferor court resolves its pending motion to dismiss.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact and that centralization in the Southern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  Plaintiffs are individuals who purchased Charmin toilet paper or Puffs tissues. Plaintiffs allege that P&G—which owns the Charmin and Puffs brands—made false or misleading environmental sustainability claims about its paper products while sourcing wood pulp derived from allegedly destructive logging practices in Canada's boreal forest.  They further allege that P&G improperly used Rainforest Alliance's environmental certification logos to mislead or deceive consumers into believing that P&G's products are environmentally friendly.  The actions raise common questions of fact, such as whether P&G overstated the environmental benefits of its products, whether a reasonable consumer would find P&G's use of Rainforest Alliance's certifications misleading or deceptive, and whether plaintiffs overpaid for their P&G paper products.  Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings,

---

[*] Judge David C. Norton did not participate in the decision of this matter.  One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

including with respect to class certification and evidentiary motions; and conserve the resources of the parties, their counsel, and the judiciary.

The Southern District of New York *Maggio* action does not warrant separate treatment. Plaintiff in *Maggio* asserts claims against P&G like those asserted in the other actions. While the plaintiff's claims against Rainforest Alliance, which is a defendant only in the *Maggio* action, may implicate some unique facts, "Section 1407 does not require a complete identity of common factual issues as a prerequisite to transfer." *In re Oxycontin Antitrust Litig.*, 542 F. Supp. 2d 1359, 1360 (J.P.M.L. 2008). Staying transfer of *Maggio* until Rainforest Alliance's motion to dismiss is ruled upon is not necessary. Pending motions to dismiss are not an impediment to transfer. *See, e,g.*, *In re BPS Direct, LLC, and Cabela's, LLC, Wiretapping Litig.*, 677 F. Supp. 3d 1363, 1364 (J.P.M.L. 2023) (rejecting argument "that centralization should be deferred until after defendants' pending motions to dismiss have been ruled on and the viability of plaintiffs' claims has been determined"). Rainforest Alliance can present its motion to dismiss to the transferee judge. Because the *Maggio* action is not appreciably ahead of the other actions, we are confident that *Maggio* can be efficiently integrated into the MDL proceedings.

The Southern District of Ohio is an appropriate transferee district for this litigation. Defendant P&G has its headquarters in this district, and common witnesses and other evidence likely will be found in or near this district. We assign the litigation to Judge Douglas R. Cole, a jurist who has not yet had the opportunity to preside over multidistrict litigation. We are confident that Judge Cole will steer this litigation on a prudent and expeditious course.

IT IS THEREFORE ORDERED that actions listed on Schedule A are transferred to the Southern District of Ohio and, with the consent of that court, assigned to the Honorable Douglas R. Cole for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton        Matthew F. Kennelly
Roger T. Benitez           Dale A. Kimball
Madeline Cox Arleo

**IN RE: PROCTER & GAMBLE COMPANY
"PROTECT, GROW AND RESTORE" MARKETING
AND SALES PRACTICES LITIGATION**                               MDL No. 3157

## SCHEDULE A

<u>Northern District of California</u>

ALZAIDI, ET AL. v. PROCTER & GAMBLE COMPANY, C.A. No. 3:25−04519

<u>Northern District of Illinois</u>

DEAN, ET AL. v. PROCTER & GAMBLE COMPANY, C.A. No. 1:25−05977

<u>District of Massachusetts</u>

GIARRIZZO, ET AL. v. PROCTER & GAMBLE COMPANY, C.A. No. 1:25−11524

<u>District of Minnesota</u>

DUPONT v. PROCTER & GAMBLE COMPANY, C.A. No. 0:25−02260

<u>Southern District of New York</u>

MAGGIO v. THE PROCTER & GAMBLE COMPANY, ET AL., C.A. No. 1:25−02667
WILLIS, ET AL. v. PROCTER & GAMBLE COMPANY, C.A. No. 1:25−04461

<u>Western District of Washington</u>

LOWRY, ET AL. v. PROCTOR & GAMBLE COMPANY, C.A. No. 2:25−00108